IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LYNN KAMADULSKI, JR,** | |
| **Plaintiff,** | |
| v. | Case No. 22-cv-2185-SPM |
| **COMMISSIONER OF SOCIAL SECURITY,** | |
| **Defendant.** | |

# ORDER DISMISSING CASE

**McGLYNN, District Judge:**

Plaintiff Lynn Kamadulski, Jr. ("Kamadulski") filed this action on September 19, 2022 (Doc. 2). On December 30, 2022, an Answer was filed by the Commissioner of Social Security at which time the transcript of the administrative record was also submitted (Docs. 13, 14). On that same date, the Court entered a Social Security Briefing Schedule with plaintiff's brief due by January 30, 2023 (Doc. 16). A notation on the docket indicates that plaintiff was sent a copy of the briefing schedule on January 3, 2023 and there is no notation that is was returned.[1]

On April 3, 2023, this Court entered an Order to Show Cause, which stated,

> "ORDER TO SHOW CAUSE: On September 19, 2022, plaintiff filed Complaint against Commissioner of Social Security. On December 30, 2022, the Commissioner filed its Answer. On that same date, the Court entered Order Setting a Briefing Schedule wherein plaintiff's brief was due by January 30, 2023. To date, the plaintiff has neither filed a brief nor sought an extension of time to

---

[1] The law presumes that a properly mailed item was received by the addressee. *See e.g., Hagner v. United States,* 285 U.S. 427, 430 (1932); *In re Nimz Transportation, Inc.,* 505 F.2d 177, 179 (7th Cir.1974).

3

> do so. The Court hereby ORDERS the plaintiff to SHOW CAUSE on or before April 28, 2023, why said brief has not yet been filed. Filing of plaintiff's brief will satisfy this Order to Show Cause. Failure to respond in a timely manner to this Order may result in dismissal of this action for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b) and the Court's inherent authority to manage its docket. See *In re Bluestein & Co.*, 68 F.3d 1022, 1025 (7th Cir. 1995)."

This Order was sent to Kamadulski on April 4, 2023 and there is no indication that it was not received.

The response deadline has expired and Kamadulski has neither communicated with the Court nor filed his brief. The Court will not allow this matter to linger any longer. The action shall be dismissed with prejudice, based on Kamadulski's failure to file a timely brief, failure to seek additional time to file said brief, and failure to respond to the Order to Show Cause entered on April 3, 2023. By all indications, Kamadulski has abandoned this action.

## DISPOSITION

**IT IS ORDERED** that this action is **DISMISSED** with prejudice based on Kamadulski's failure to comply with multiple Court Orders, including an Order to Show Cause (Docs. 16 and 17) and his failure to prosecute his claim(s) herein. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997).

If Kamadulski wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(a)(1)(A). If Kamadulski does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008). He must list

4

5

each of the issues he intends to appeal in the notice of appeal. A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

    The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:**   May 2, 2023

*s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**
